2020 APR 15 PM 1: 18

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

CASE#_____

CIVIL DIVISION

2:20-CV-269-FEM-38NPM

**RUFUS J. BROOKS JR**

   **PLAINTIFF**

--VS—

**DR. DONALD SAWYER**

**J.P. CARNER**

**DR. E. SALEMA PSY.D.,**

   DeFendants

**CIVIL RIGHTS ACTION COMPLAINT, 42 U.S.C. SECTION 1983 AND TORT CLAIMS-FLORIDA STATUE SECTION 786.28**

1

**PARTIES**

RUFUS J. BROOKS JR, a resident at the Florida Civil Commitment Center, 13619 S.E. HWY 70 Arcadia, Fla. 34266

2. Dr. Donald Sawyer, Facility Administrator, at the Florida Civil Commitment Center, 13619 S.E. HWY 70 Arcadia, Fla. 34266

3. J.P. Carner, Security Director, at Florida Civil Commitment Center, 13619 S.E. HWY 70 Arcadia, Fla. 34266

4. Dr. E. Salema, Clinical Director, at Florida Civil Commitment Center, 13619 S.E. HWY 70 Arcadia, Fla 34266

**FEDERAL AND STATE CLAIMS**

The First Amendment, congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech of the press, or the right of the people peaceably to assemble, and to petition the government for a redress of grievances. The rights to associate with anyone you choose.

2

2. The Eight Amendments, right against punitive, cruel and unusual punishment, inhumane treatment under civil commitment, mental health, causing mental anguish, stress, and abuse.

3. The Fourteenth Amendment, right to equal protection clause to provide mental health, due process clause to personal and legal property, professional judgment, substantive due process in applying seclusion and restraints, and deliberate interference.

4. The Florida constitution article 1, section 2, prohibits deprivation of rights based on race, religion, national origin, or physical disability and equal protection clause.

## JURISDICTION AND VENUE

This is a civil action authorized by 42 U.S.C. sections 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States.

2. The court has jurisdiction under 28 U.S.C sections 1331 and 1343 (a) (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. sections 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. section 2283 and 2284 and rule 65 of the federal rules of procedure.

3. The court has supplemental jurisdiction over plaintiff's state tort claims under 28 U.S.C. sections 1367.

4. The Middle district of Fort Myers, Florida Division, is an appropriate venue under 28 U.S.C. section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

## PLAINTIFF

Rufus J. Brooks JR, is and was at all times mentioned herein a resident of the State of Florida in the custody of the Florida Department of Children and Families. Plaintiff is currently confined in the Florida Civil Commitment Center.

## DEFENDENTS

Dr. Donald Sawyer is the chief administrator. He is legally responsible for the overall operation of the Florida Civil Commitment Center in Arcadia, Florida. He is also responsible for the welfare of all residents at the Florida Civil Commitment Center in Arcadia, Florida.

2. J.P. Carner is the Security Director and is legally responsible for the operation of all shifts of the OIC and CO's and for the welfare of all residents at Florida Civil Commitment Center in Arcadia, Florida.

3. Dr. E. Salema is Clinical Director. She is legally responsible for the overall operation of the Clinical Team and of the welfare of all the residents at the Florida Civil Commitment center in Arcadia, Florida.

4. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

**PRELIMINARY STATEMENT**

This is a civil rights action filed by Mr. Rufus J. Brooks Jr Pro-se, and alleges harassment, being discriminated by J. P. Carner and Dr. E. Salema, and deliberate indifference by Dr. Donald Sawyer. The action of J. P. Carner, Dr. E. Salema, and Dr. Donald Sawyer has caused unnecessary pain and suffering of bother plaintiff. Plaintiff seeks a declaratory judgement and damages under U.S.C. and 1983.

2. Furthermore, equal protection requires the state to treat Mr. Brooks like a mental health patient. The United States Supreme Court upheld an indefinite Civil Commitment law in Kansas after finding that the state did not have the unconstitutional purpose of punishing the people committed under the law – one ground for this holding was that those committed under the Kansas act are not subject to more restrictive conditions placed on state prisoners, but instead experience essentially the same conditions as any involuntarily committed patient in the state mental hospital. "Kansas v. Hendricks, 521 U.S. 346, 363 (1997) (emphasis supplied); also see city of Cleburn v. Cleburne living center, 473 U.S. 432, 446 (1985) (emphasis supplied); also see Ostendorf v. Turner, 426 so 2 539, (Fla. 1982). Plaintiff is suing all in their individual personal or official capacities for liability to damages and injunctive relief as they were all acting under color of state law. Equal protection means that state employees are not supposed to discriminate against anyone on the basis of their race, or any other arbitrary category such as religion, sex, etc. By and J. P. Carner and Dr. Salema and Dr. Sawyer harassing and targeting plaintiffs, (the defendants) are discriminating against Mr. Brooks for his right to own and play PS3 / XBOX 360 Gaming consoles and the right to listen to music of his choice by having an MP3 Player. Please see plaintiff's exhibit of resident communication form responded by Jon Carner stating that there are no memo. See the attached plaintiff's exhibit A.

## STATEMENT OF FACTS.

D.C.F. acting through its contact agent, WellPath Recovery Solutions, has allowed Dr. Donald Sawyer, Dr. E. Salema, and J.P Carner to stop all PS3/XBOX 360's and MP3 Players and any all replacement parts of said gaming systems from coming in to Florida Civil Commitment Center because of a few residents who have been caught watching Child Porn. They decided to punished everyone for a few mistakes.

I use the PS3 and XBOX 360's, as well as the MP3 player to cope with all the stress and day to day drama here at Florida Civil Commitment Center. I am told by my Clinical Team and always in treatment groups that we need to find a way to cope with our problems. And the PS3/ XBOX 360's/ MP3 is my way of coping.

. The Defendants have not put any memos up about not allowing these items to come in they just started stopping these items. I understand that they should stop a few residents from getting the items in question into the facility, but why punish 400 more residents for a few mistakes.

These PS3, And XBOX 360's/ or MP3 Players are my way of coping. They are not a treatment interfering factor for me.

6

**LEGAL CLAINS**

The Plaintiff realizes and incorporates by references of Paragraphs 1-23. The harassment, discrimination, the use of punishment, and the violation of the rights of the Plaintiff and constituted cruel and unusual punishment, inhumane treatment, under the eight amendment and fourteenth amendment to the United States constitution.

2. The Plaintiff should be allowed to use the gaming systems and keep and buy what he needs as long as he does not violate the operating procedure. The systems in question again are used by Mr. Brooks as coping with every day Stress at Florida Civil Commitment center. These systems in question are not a treatment interfering factor for Mr. Brooks (plaintiff).

3. Removal of all gaming systems shall not be used as punishment, for the convenience of staff, or substitute for treatment programs.

4. As evidence consideration that the resident choice alternatives as identified on the personal safety plan form have been considered. Removal of these systems in questions puts Mr. Brooks behaviors in jeopardy.

5. Any good behavior observed by any staff, person shall be honored when possible and clinically appropriate.

6. According to FCCC Policy & Procedures, any rule changes (or the implementation of new rule(s)) must occur via memoranda issued to the FCCC facility and allow the residents of the facility time to become familiar with the proposed changes or implementation of new rules.

 1. The due process clause protects a state prisoner's right under the first amendment including free speech, the right to associate with anyone he choose and the freedom to practice your religion. The fourteenth amendment guarantees equal protection of the laws to all citizen. This means that the

Florida Civil Commitment Center cannot target residents and refuse to let them keep or get in PS3's, XBOX 360's, MP3 or any other such downloadable items like regular people outside of Florida Civil Commitment Center. Plaintiff is not supposed to be treated like high security inmates, plaintiff is civil and this is supposed to be a mental hospital. Even though plaintiff is treated as the scum of the earth by J. P. Carner, E. Salema, Dr. Sawyer. The plaintiff is being put into categories, that if a few residents likes child porn then plaintiff should be punished because plaintiff like's child porn as well. Plaintiff is his own person and should be held accountable for his own  behavior and not for the behavior of other people's behavior as is happening to plaintiff, even though plaintiff has committed a crime plaintiff is being treated and punished as equals at the Florida Civil Commitment Center. One makes a mistake's plaintiff pays for the mistakes. Even if 95% of the residents don't like child porn. The staff believes plaintiff doe's.

2. Similarly situated means that there are no differences between residents one likes porn all residents like porn. The court must examine whether all residents are the same and should be punish the same or that a few resident who like's child porn should be punished and the plaintiff who does not watch child porn should be punish the same way. Jackson v. Thornburg, 907 F.2d. 194 (de Cir. 1990).

3. Mental or emotional injury that does not include a physical injury, see Thomas V. Carter, 284 F 3d. ( 2d. Cir. 2002).

4. Defendant Dr. Donald Sawyer deliberate indifference to the plaintiff complaints constituted a violation of plaintiff fourteenth amendment of the United States Constitution. The deliberate indifference by the Florida Civil Commitment Center administrator Dr. Donald Sawyer ignoring and failing to address and respond to the plaintiff's complaint constituted deliberate indifference.

5. In the case, plaintiff Brooks is under civilians incapacitated under a civil statute which should afford him "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to

punish," see: Youngberg V. Romeo, 102 S. Ct. 2452, 2461. (1982) Plainly stated, more considerate treatment means "civil detainees retain great liberty protection then individuals detained under criminal process." Jones V. Blane's 393 F. 3d 918, at 932 (ca (Cal) 2004), and unlike pre-trial criminal detainees or prisoners "SVP's" are detained for the purpose of treatment and the state's power to punish them expired at the end of their sentence' see" Hydrick V. Hunter, 500 F, 3d 978, 994 ( 9th Cir. 2007). The Jones court used the following test to determine whether conditions are shown to be punitive:

   1. Where the challenged restrictions are expressly intended to punish, or.

   2. Where the changed restrictions sever an alternative, non-punitive purpose but are none the less "excessive" in relation to the alternative purpose."

   Or are employed to archive objectives that could be accomplished in so many alternatives and less harsh methods." (Id. Internal Citation omitted).

   The plaintiff has no plain, adequate or complete remedy at law to redress the wrong described here in. the plaintiff has been and will continue to irreparable injured by the conduct of the defendants unless this court grants the declaratory and injusistive relief which the plaintiff seeks.


### PRAYER FOR RELIEF

      Wherefore, the plaintiff respectfully prays this court enter judgement granting plaintiff:


A declaration that the acts and omissions described herein violated plaintiff right under the constitution and laws of the United States.

 2. A preliminary and permanent injunction ordering the defendants to stop harassing, and taking away the PS3; XBOX 360; And the MP3 player and stop discriminating against the plaintiff, and allow order new PS3, XBOX 360; MP3 player and controls; games, and power cords of said gaming systems to come in.

3. Compensatory damages in the amount of $ 6,000.00 against each defendants, jointly and severally.

4. Nominal damages in the amount of $ 7,000.oo against each defendant.

5. Punitive damages in the amount of $ 5,000.00 against each defendant.

6. A jury trial on all issues triable by jury.

7. Plaintiff coast in this suit.

8. Move Plaintiff in to a one man room in Sea Dorm with power and never take away his level 5 for as long as the plaintiff resides in Florida Civil Commitment Center. And allow the plaintiff to have friend in said room to play games with him for 2 hours three times a day. And be able to cover windows while friend in the room.

9. Allow plaintiff to order 2 PS3's with 360 hard drive; with 6 controllers; plus 2 XBOX 360 with 500 gb hard drives and 6 controllers. And two MP3 players of the plaintiff choice.

10. Allow the plaintiff to order 200 games for PS3 and 200 games for the XBOX 360 of plaintiff's choice. Plus 6 HDMI cables/200 DVD movies/200 Cd's of plaintiff's choice.

11. A one-time order of $ 4000.00 from approved vendors for clothes, food,/( 40)books of Mr. Brooks' choice and other necessary items. And one staff at Florida Civil Commitment Center must get me on line so I can order these items with the company's credit card. And when packages arrives I am the only one who can open and taken my items to my room.

And additional relief this court deems just, proper, and equitable.

**Date:**

APriL -13th 2020
--------------------------------------

**Respectfully Submitted,**

**Rufus J. Brooks JR #991401**

**Florida Civil Commitment Center**

**13619 S.E. HWY 70**

**Arcadia, Florida 34266**

# CERTIFICATE OF SERVICE

I HEREBY certify that a CORRECT
and true copy of this Compliant
was mailed to the Clerk of Courts
in FORT MYERS, Fla. Also to the
OFFICE OF INSURANCE Regulations,
Department of FINANCIAL Services
200 EAST GAiNES STreeT, TALlAhassee,
Fl. 32399, On This 13TH day of APRiL
2020.

12

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged there in are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Arcadia, Florida on APriL 14 T# _____ 2020.

Respectfully Submitted,

Rufus J. Brooks JR #991401

Florida Civil Commitment Center

13619 S.E. HWY 70

Arcadia, Florida 34266